**STATE of Minnesota, Respondent,**

v.

**Corey Lowell ZIMMER, Appellant.**

No. C2–01–998.

Court of Appeals of Minnesota.

April 16, 2002.

Mike Hatch, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Thomas G. Kramer, Yellow Medicine County Attorney, Keith Helgeson, Assistant County Attorney, Granite Falls, for respondent.

John M. Stuart, State Public Defender, Minneapolis, Michael C. Davis, Special Assistant State Public Defender, St. Paul, for respondent.

Considered and decided by RANDALL, Presiding Judge, LANSING, Judge, and KLAPHAKE, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant Corey Lowell Zimmer appeals from a conviction for third-degree controlled substance crime, contending that the deputy sheriff who stopped him for speeding and obtained his consent to search his vehicle for open containers, did not have consent to search a small transparent pill vial that the sheriff found under the driver's seat. Because we conclude that the search was authorized by consent and that the plain view exception applied, and because the incriminating nature of the vial was immediately apparent, we affirm.

## FACTS

On the evening of December 19, 2000, Deputy Sheriff Wayne DeBlieck was on patrol near Granite Falls when he observed appellant Corey Lowell Zimmer's red Chevrolet traveling ahead of him on Highway 212. Noting that appellant's vehicle was traveling at a very high rate of

speed, DeBlieck stopped his own vehicle and, using stationary radar, recorded appellant driving 79–80 miles per hour. DeBlieck then stopped appellant's vehicle.

As he discussed the speeding offense with appellant and obtained identification from him, DeBlieck noticed that there were two unopened 12–packs of beer in the back seat of appellant's vehicle. In addition, during their discussion, appellant revealed that the newly purchased vehicle was uninsured and that his license had been revoked. When asked, appellant denied consuming alcohol, and he gave DeBlieck permission to look for "open containers" in the vehicle.

As he conducted the search, DeBlieck discovered under the driver's seat a transparent pill vial with tape wrapped around it and a locked blue bank bag. He illuminated the untaped bottom side of the vial with a flashlight and observed that it contained a powdery substance and a pebble-sized rock. Based on his training and experience, DeBlieck believed that the vial contained methamphetamine or another controlled substance. Appellant stated that the vial did not belong to him.

DeBlieck impounded the vehicle, but allowed appellant to leave the scene with a friend, pending further testing of the substance in the vial. At the Yellow Medicine County Sheriff's Department, DeBlieck conducted a preliminary drug screen test of the vial's contents, which tested positive for methamphetamine. Based on this and other evidence, DeBlieck sought and obtained a warrant to search the vehicle. The search revealed that the blue bank bag contained 6.3 grams of methamphetamine.

The state filed a complaint that charged appellant with possession of over six grams of methamphetamine, a second-degree controlled substance crime. Minn. Stat. § 152.022, subds. 2(1), 3(a) (2000).

At his omnibus hearing, appellant moved to suppress the evidence found in the vehicle, arguing that DeBlieck did not have probable cause to believe that the vial contained contraband because the incriminating nature of the vial was not immediately apparent, and that the methamphetamine found in the blue bank bag was the fruit of an illegal search and should be suppressed. The district court denied appellant's suppression motion, concluding that the search that led to the discovery of the vial was consensual and that the incriminating nature of the vial was immediately apparent.

Appellant entered a Lothenbach plea to a reduced charge of third-degree controlled substance offense. Minn.Stat. § 152.023, subds. 2(1), 3(a) (2000). The district court found appellant guilty on stipulated facts, stayed imposition of sentence, and placed appellant on probation for five years, subject to certain conditions.

## ISSUE

Did the district court err in declining to suppress evidence found in the vial because the deputy sheriff did not have probable cause to believe that the vial contained contraband?[*]

## ANALYSIS

"Under the fourth amendment, warrantless searches and seizures are *per se* unreasonable unless they fall under an established exception." *State v. Vang,* 636 N.W.2d 329, 333 (Minn.App.2001) (quotation omitted). Consent is an exception to the warrant requirement. *Id.* Police can also seize an item in plain view or plain touch if

> 1) police were lawfully in a position from which they viewed the object, 2) the object's incriminating character was immediately apparent, and 3) the offi-

cers had a lawful right of access to the object.

*In re Welfare of G.M.*, 560 N.W.2d 687, 693 (Minn.1997) (citing *Minn. v. Dickerson*, 508 U.S. 366, 375, 113 S.Ct. 2130, 2136–37, 124 L.Ed.2d 334 (1993)). The legal basis for allowing the plain view and plain feel exceptions is that the evidence is discovered without further violation of a suspect's privacy than has been previously authorized by law. *G.M.*, 560 N.W.2d at 692–93.

Here, DeBlieck had appellant's consent to search the vehicle for open containers, and the vial was found within the scope of that search. *See id.* at 693 (police can seize item in plain view if in lawful position to view item). Appellant contends that when DeBlieck discovered the pill vial by feeling it under the driver's seat, its incriminating character was not immediately apparent. Where

> police lack probable cause to believe that an object in plain view is contraband without conducting some further search of the object * * * the plain-view doctrine cannot justify its seizure.

*Dickerson*, 508 U.S. at 375, 113 S.Ct. at 2137 (citations omitted); *see, e.g., Ariz. v. Hicks*, 480 U.S. 321, 326, 107 S.Ct. 1149, 1153, 94 L.Ed.2d 347 (1987) (police illegally seized stereo equipment in plain view where they had no probable cause to believe it was stolen); *G.M.*, 560 N.W.2d at 694 (police could not apply plain view exception to obtain search of opaque bag taken from suspect where they could not see contraband inside bag).

Ordinarily, closed opaque containers are fully protected from plain view searches because the incriminating nature of their contents is not immediately ascertainable. *See United States v. Ross*, 456 U.S. 798, 814 n. 19, 102 S.Ct. 2157, 2167 n. 19, 72 L.Ed.2d 572 (1982). Here, however, the pill vial was transparent, and DeBlieck could see the methamphetamine through the bottom of the vial. In *G.M.*, the supreme court cited with approval the following abbreviated quote from Lafave on this point:

> [I]f the contents [of a container] themselves are in plain view within an accessible container, then there exists no reasonable expectation of privacy as to those contents and thus no need for a warrant to open the container.

*G.M.*, 560 N.W.2d at 694 (quoting 1 Wayne R. Lafave, *Search and Seizure* § 2.2(a), at 401–02 (3d ed.1996)). According to the court in *G.M.*, the distinction between whether the contraband is visible in the container or not is

> critical in that plain view is based upon the fact that the defendant left the contraband in a place where he or she had no expectation of privacy.

*G.M.*, 560 N.W.2d at 694 (citation omitted) (emphasis omitted). Thus, DeBlieck's viewing the methamphetamine through its container was equivalent to viewing the methamphetamine itself, and his observation of the vial revealed the incriminating character of its contents necessary to satisfy the probable cause requirements of *Dickerson*. We therefore conclude that the district court did not err in declining to suppress the evidence for lack of probable cause.

## DECISION

Because the deputy sheriff had consent to search appellant's vehicle, and because the incriminating nature of the methamphetamine in the vial was apparent under the plain view exception to the warrant requirement, we affirm the district court's denial of appellant's motion to suppress the evidence.

**Affirmed.**